UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Rickie Hill, | Case No. 2:21-cv-01878-GMN-NJK |
|---|---|
| Plaintiff, | SCREENING ORDER |
| v. | |
| D. Williams, | |
| Defendant. | |

Plaintiff Rickie Hill, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. ECF Nos. 1, 1-1). The matter of the filing fee will be temporarily deferred. The Court now screens Hill's civil-rights complaint under 28 U.S.C. § 1915A.

I.  **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

In his Complaint, Hill sues a single Defendant for events that took place while he was incarcerated at High Desert State Prison. (ECF No. 1-1 at 1–2). Hill sues Defendant D. Williams. (*Id.* at 2). Williams is sued in his official and individual capacities. (*Id.*) Hill brings one claim and seeks monetary and injunctive relief. (*Id.* at 4, 9).

Plaintiff alleges the following. At 1:20 p.m. on July 1, 2020, correctional officer Williams approached Hill's cell with his mail and threatened to give it to another prisoner unless Hill let Williams perform fellatio on him.  (*Id.* at 4). Williams also threatened to make sure that hill did not get fed unless he complied. (*Id.*) Hill unwillingly complied because he did not want to go hungry and feared that another prisoner would get his family members' home addresses and threaten their safety. (*Id.*) Hill has had weekly nightmares because of the incident. (*Id.*) Hill tried to file grievances about this incident but was denied. (*Id.*) Hill sought counseling and medical attention for this incident but was denied. (*Id.*) The Court construes these allegations as asserting a claim under the Eighth Amendment for sexual assault, abuse, or harassment.

**A.     Eighth Amendment sexual assault, abuse or harassment**

"The Eighth Amendment prohibits cruel and unusual punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood*, 692 F.3d at 1046 (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating a prisoner's claim, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id*. (quoting *Hudson*, 503 U.S. at 8).

Where there is no legitimate penological purpose for a prison official's conduct, courts presume malicious and sadistic intent. *Id*. at 1050. Sexual contact between a prisoner and a prison guard serves no legitimate role and "is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In sexual contact cases, there is no lasting physical injury requirement because the only requirement is that the officer's actions be offensive to human dignity. *Schwenk*, 204 F.3d at 1196. But the Eighth Amendment's protections do not generally extend to mere verbal sexual harassment. *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). A "prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

Hill alleges that Williams threatened to withhold food and his mail and give his mail to other prisoners—thereby giving other prisoners his family members' addresses—if Hill did not let Williams perform fellatio on him. Hill unwillingly complied because he did not

want to go hungry, wanted his mail, and feared for his family members' safety. I find that these allegations are sufficiently harmful to state a colorable claim for sexual assault, abuse, or harassment under the Eighth Amendment for screening purposes. So Claim 1, Eighth Amendment sexual abuse, assault, or harassment against Williams can proceed.

But the Court notes that Hill's allegations appear to describe fantastical or delusional scenarios and this case might be malicious. The Court does not make this statement lightly; sexual assault, abuse, and harassment of prisoners is abhorrent. And court intervention is often needed to protect the prisoners who are subject to such abuse. But the Court has presided over several of Hill's cases against NDOC employees, and it is aware that Hill has alleged a fact pattern like this before, swapping only the date and targets of the claim.[1] So the Court cautions Hill that it is authorized under 28 U.S.C. § 1915(d)(2)(B)(i) to dismiss a case if at any time it determines that the case is "frivolous or malicious," and that such a finding will count as a "strike" against Hill under the Prison Litigation Reform Act.[2]

**B.     This case will not be referred to the Inmate Early Mediation Program**

Unique to the District of Nevada is the Inmate Early Mediation Program, which is designed to attempt to save resources by referring the parties in some prisoner civil-rights cases to mediation. Of course, defendants in such cases have the right not to make any settlement offers, and plaintiffs have the right not to accept settlement offers. And the court may choose not to refer a case to mediation to preserve limited judicial resources.

Hill, who has filed many cases against employees of the NDOC, recently attended multiple inmate mediations with representatives of the Office of the Attorney General.[3] Hill also has at least one more mediation scheduled with a representative of the Office of

---

[1] *See, e.g.*, *Hill v. J. Pope*, Case No. 2:21-cv-01371-APG-EJY, ECF No. 1-1 (D. Nev. July 21, 2021); *Hill v. Array*, Case No. 2:21-cv-01677-APG-BNW, ECF No. 1-1 (D. Nev. Sept. 13, 2021); *Hill v. M. Stewart*, Case No. 2:21-cv-01760-JAD-EJY (D. Nev. Sept. 23, 2021).
[2] *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (defining frivolous and malicious cases).
[3] *See, e.g.*, 3:20-cv-00495-MMD-WGC; 2:20-cv-01655-KJD-DJA; 2:20-cv-01659-RFB-EJY.

the Attorney General.[4] This case is against an employee of the NDOC. Given the Court's limited resources, and the fact that these parties have already engaged in numerous mediation sessions, the Court has determined that it would not be a productive use of the court's resources to set this case for a mediation session.

The Court, however, will stay this case for 60 days so that the parties can engage in settlement discussions before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During these 60 days, the parties are free to discuss settling this case privately or during a currently scheduled mediation session, but they are not required to do so. If the parties have not reached a settlement within 60 days, the Court will assess the filing fee and put this case on a standard litigation track.

**III.     CONCLUSION**

For the foregoing reasons, it is therefore ordered that a decision on the application to proceed in forma pauperis (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court shall file the complaint (ECF No. 1-1) and send Hill a courtesy copy.

It is further ordered that Claim 1, Eighth Amendment sexual assault, abuse, or harassment, may proceed against Defendant D. Williams.

It is further ordered that this case is not referred to the Inmate Early Mediation Program.

It is further ordered that, given the nature of the claim that the Court has permitted to proceed, this case is stayed for 60 days to allow the parties an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins.

/ / /

/ / /

/ / /

---

[4] *See* 2:20-cv-01745-KJD-BNW, at ECF No. 12 (scheduling mediation for January 28, 2022).

It is further order that the Clerk of the Court will electronically serve a copy of this order and the complaint (ECF No. 1-1) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that if this case is not settled in 60 days, the court will assess the filing fee and place this case on a standard litigation track.

DATED THIS 27 day of December 2021.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE